UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICKEY DWIGHT JACKSON, # 1581208 § | |
| Petitioner, § | |
| § | CIVIL ACTION NO.: |
| v. § | 3:14-CV-0743-B |
| § | |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Div., § | |
| Respondent. § | |

### ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge filed Findings and Conclusions, recommending that the federal habeas corpus petition be dismissed without prejudice for failure to exhaust state court remedies. Petitioner objected, asserting that exhaustion is not required because Texas law prohibits him from filing an article 11.07 petition challenging the denial of release to mandatory supervision. (Doc. 8 at 2 (citing TEX. GOV'T CODE § 508.149(d)). The District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.

Contrary to Petitioner's assertion, the exhaustion requirement applies to prisoners challenging the denial of release to mandatory supervision. *See Ex parte Geiken*, 28 S.W.3d 553, 557 (Tex. Crim. App. 2000) (holding that habeas corpus applicant could raise due process challenge to procedures used by the Board of Pardons and Paroles in considering whether to release applicant to mandatory supervision, even though section 508.149(d) precluded judicial review of ultimate determination of Board's decision to deny mandatory supervision); *see also Bradshaw v. Stephens*, No. 3:13-CV-3200-M-BN, 2013 WL 5738026 *2 (N.D. Tex. Oct. 21,

2013) (citing *Ex parte Geiken*, 28 S.W.3d at 556) (accepting magistrate judge's recommendation and concluding that if a petitioner wishes to raise constitutional claims challenging the denial of release to mandatory supervision, he must exhaust his state court remedies); *Hess v. Stephens*, No. 4:13-CV-093-A, 2013 WL 3204373 *1 (N.D. Tex. June 24, 2013) (while under Texas case law the decision to release is within the sound discretion of the Board of Pardons and Parole, complaints regarding the "process" and the denial of constitutional or statutory rights in consideration of release may be raised by writ of habeas corpus under article 11.07).

Accordingly, Petitioner's objections are overruled, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is **DISMISSED** without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).[1]

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference this Order and the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable

---

[1] The Court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court. Petitioner should act diligently and expediently in seeking habeas corpus relief in both state and federal court.

whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).[1]

If petitioner files a notice of appeal,

(X) petitioner may proceed *in forma pauperis* on appeal.

(  ) petitioner must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 18th day of March, 2014.

*[signature]*
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.